

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.

                                        13-M-2114

DAVID B. PATEL,

            Defendant.

## PLEA AGREEMENT

The defendant, DAVID B. PATEL, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to a one-count Information charging a violation of Title 8, United States Code, Section 1325(a)(3) (improper entry by alien), for which the maximum possible sentence is a term of imprisonment of six (6) months, a fine of $5,000, and a mandatory $10 special assessment.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II.  ELEMENTS AND FACTUAL BASIS

2.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.      The defendant was an alien;

    b.      The defendant entered the United States;

    c.      The defendant made a false or misleading representation regarding a material fact, or concealed a material fact, for the purpose of gaining entry; and

    d.      The defendant acted willfully.

## FACTUAL BASIS

3.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

On August 10, 2013, at approximately 11:00 a.m., the defendant, a native and citizen of Canada, entered the United States from Canada at the Whirlpool Bridge Port of Entry, Niagara Falls, New York.  While at the Port of Entry, the defendant told a Customs and Border Protection officer that he was entering the United States to shop at Wal-Mart and Sam's Club.  The defendant was admitted to the United States under this premise as a B-2, non-immigrant visitor.  In truth, however, the defendant was entering for the purpose of retrieving a firearm part, an AR-15 upper receiver, at a mailbox in Niagara Falls, New York, which the defendant had ordered over the Internet and intended to take back to Canada in violation of the laws of the United States.  Had the defendant provided truthful information concerning the purpose of his visit, he would not have been admitted to the United States.

### III. SENTENCING GUIDELINES

4.     Pursuant to Guidelines § 1B1.9, the Guidelines do not apply to this conviction. Nevertheless, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

5.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a fine of $5,000 as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect any other component of the sentence that may be imposed by the Court.

### IV. STATUTE OF LIMITATIONS

6.     In the event the defendant's plea of guilty is withdrawn, or his conviction is vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to improper entry to the United States by an alien; making a false

3

statement; or unlawful possession of a firearm, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

7.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.    advocate for a specific sentence consistent with the terms of this agreement, including the amount of restitution and/or fine and the method of payment.

8.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 13-MJ-2114.

## VI.  APPEAL RIGHTS

9.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

4

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is within the statutory maximum penalties set forth in paragraph 1, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

10.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

11.   The government waives its right to appeal any component of a sentence imposed by the Court which is within the statutory maximum penalties set forth in paragraph 1, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE/DISPOSAL PROVISIONS:   FIREARM PARTS

12.   Upon the defendant's conviction of the Information, the defendant agrees to the forfeiture of all of his right, title, and interest including but not limited to the following property pursuant to Title 18, United States Code, Sections 924(d), and 3665; and Title 28, United States Code, Section 2461(c):

5

a.      16" 1:8 HBAR AR-15 upper receiver;

b.      DPMS AR-15 complete lower receiver parts kit;

c.      BCM Gunfighter charging handle (5.56 mm) with Mod 3 (Large) latch;

d.      Rock River Arms Winter Trigger Guard (AR-15); and

e.      AR-15 bolt and bolt carrier group.

13.     The defendant hereby waives any right to notice of a <u>Preliminary Order of Forfeiture</u> and consents and agrees that it shall become final as to the defendant prior to sentencing and agrees that the Order shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

14.     The defendant further agrees to the entry of orders of forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

15.     The defendant agrees that the above-described property is also subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.   The defendant further agrees to the destruction of the firearm parts described above.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

16.     This plea agreement represents the total agreement between the defendant, DAVID B. PATEL, and the government.   There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York


BY:   _____
FRANK T. PIMENTEL
Assistant United States Attorney


Dated:   September _16_, 2013

I have read this agreement, which consists of 8 pages.   I have had a full opportunity to discuss this agreement with my attorney, DOMINIC SARACENO, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.


_____
DAVID B. PATEL
Defendant

Dated:  September _16_, 2013


_____
DOMINIC SARACENO, ESQ.
Attorney for the Defendant

Dated:  September _16_, 2013